■ Susan Bell, Also Known as Susan Smyth Bell, Individually and as Executor of Robert A. Bell, Also Known as Robert Bell, Deceased, Respondent, v New York City Transit Authority et al., Appellants. [801 NYS2d 3]—

Judgment, Supreme Court, New York County (Debra A. James, J.), entered October 10, 2003, after a jury trial, awarding plaintiff, inter alia, a lump sum in the principal amounts of $370,290.73 in her individual capacity and $45,070.03 in her capacity as executor, unanimously affirmed, without costs.

When viewed in the light most favorable to plaintiff, the evidence established a prima facie case of negligence. Defendants breached their duty of reasonable care by improperly maintaining and inspecting the rear doors of the bus, which closed quickly and violently on plaintiff's knee, causing her injury. The uncontradicted evidence established that plaintiff was holding the handle of the open door as she exited the bus, and as she was descending from the second step to the bottom step, the doors closed suddenly and with great force. Plaintiff's expert testified that if the air-assist system were properly operating, the rear doors of the bus should stay open as long as someone is holding them, even with light pressure, and even when the pressure against them is removed, the doors should close slowly. The uncontradicted evidence here, however, indicates that such did not occur in this instance, and common experience confirms that air-assisted bus doors do not always operate properly. Taken as a whole, the court's charge to the jury met the appropriate standard that defendants were required to use reasonable care under all circumstances in the maintenance of the bus (*see Bethel v New York City Tr. Auth.*, 92 NY2d 348 [1998]). Concur— Ellerin, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.